**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| MIGDAL 1, LLC, <br> *dba Hyundai of Bedford*, <br><br> Plaintiff, <br><br> v. <br><br> HYUNDAI MOTOR AMERICA <br> CORPORATION, *et al.*, <br><br> Defendants. | CASE NO. 1:22-cv-01088 <br><br> JUDGE DAVID A. RUIZ <br><br><br><br> **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon a Motion to Dismiss Count VI of Plaintiff Migdal 1, LLC's (doing business as Hyundai of Bedford) Amended Complaint, filed by Defendants Hyundai Motor America Corporation and Genesis Motor America, LLC (collectively, Defendants) (R. 17), as well as Plaintiff's Motion for Leave to File an Amended Complaint (R. 21).

**I. Factual Allegations**[1]

Plaintiff is a motor vehicle dealership located in Bedford, Ohio and has sold Hyundai brand vehicles since 2013. (R. 15, PageID# 110–112 ¶ 6, 12, 15). Defendants Hyundai America Corporation (Hyundai) and Genesis Motor America, LLC (Genesis) are California corporations that manufacture and distribute Hyundai and Genesis brand vehicles, respectively. (*Id*, PageID# 111–113 ¶¶ 7–9, 16, 23).

---

[1] When ruling upon a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all the factual allegations contained in the complaint and construe the complaint in the light most favorable to the plaintiff.

Initially, Defendant Hyundai manufactured and distributed Genesis brand motor vehicles. (*Id.*, PageID# 112 ¶¶ 15–16). As a result, Hyundai dealerships like Plaintiff sold Hyundai and Genesis model or branded automobiles out of the same facility. (*Id.*, PageID# 115 ¶ 34). But in 2017, Defendant Hyundai announced that as part of a rebranding effort, it intended to establish Genesis as an independent entity, and designated Defendant Genesis as the sole distributor of Genesis motor vehicles in the United States. (*Id.*, PageID# 112–113 ¶¶ 16, 23).

To continue selling Genesis vehicles, on November 16, 2018, Plaintiff signed an "Expression of Interest to Be a Genesis Dealer," and ultimately signed a Dealer Sales and Service Agreement with Defendant Genesis on April 3, 2019. (*Id.*, PageID# 114–115 ¶¶ 32–33). Due to the rebranding, Defendants "pressure[ed]" Plaintiff to build a new dual Hyundai/Genesis facility that provided, *inter alia*, separate spaces within the facility for Hyundai and Genesis vehicles. (*Id.*, PageID# 115–116 ¶ 34–44). Plaintiff broke ground on the new facility (the 2018 Construction) in May 2018. (*Id.*, PageID# 131 ¶ 144). In sum, the 2018 Construction cost Plaintiff approximately $6 million and was completed on May 1, 2019. (*Id.*, PageID# 116 ¶¶ 45–46). The plans for the facility "were confirmed to meet all then-existing facility incentive programs offered by [Defendant Hyundai] and/or [Defendant Genesis]." (*Id.* ¶ 43).

In January 2020, Defendants announced the new "Hyundai Accelerate Program" (Accelerate Program) and "Genesis Keystone Program" (Keystone Program). (*Id.*, PageID# 116–117 ¶ 47). These so-called "incentive" programs required dealers to renovate their facilities in compliance with Defendants' new design standards to make the facilities exclusively Hyundai or Genesis, respectively, for the dealerships to receive certain "support payments" from Defendants. (*Id.*, PageID# 117–119 ¶¶ 49–50, 52, 57–58). In other words, the Accelerate and Keystone programs required Plaintiff to construct standalone Hyundai and Genesis facilities in order to

receive support payments from Defendants. (*Id.*). Plaintiff has not complied with the design standards of either program, meaning it has not received any support payments from Defendants. (*Id.*, PageID# 118–119 ¶¶ 55, 62). Therefore, according to Plaintiff, it faces a significant competitive disadvantage compared to dealerships that have complied with the programs. (*Id.*, PageID# 121 ¶ 70).

## II. Procedure

Following Defendants removal of this action from the Cuyahoga County Court of Common Pleas (R. 1), Plaintiff filed its Amended Complaint. (R. 15). As relevant to this Order, the Amended Complaint asserts in Count VI a claim for fraud under Ohio law, alleging that Defendants made false representations regarding the 2018 Construction with respect to the facility design requirements of the Accelerate and Keystone programs. (*Id.*, PageID# 131–132 ¶¶ 140–151).

Defendants' Motion to Dismiss Count VI of Plaintiff's Amended Complaint argues that Plaintiff's fraud claim lacks the particularity required by Federal Rule of Civil Procedure 9(b) and that there are insufficient facts to sustain the fraud claim under Ohio law. (R. 17, PageID# 145). In opposition to that motion, Plaintiff filed a Motion for Leave to File a Second Amended Complaint. (R. 21). Defendants subsequently filed a reply brief in support of their Motion to Dismiss as well as an opposition to Plaintiff's Motion for Leave to Amend. (R. 22). Plaintiff then filed a reply in support of its Motion to File an Amended Complaint, as well as a surreply in opposition to Defendants' Motion to Dismiss. (R. 23). Also pending before the Court is Defendants' Motion for Leave to File *Instanter* a Surreply to Plaintiff's Surreply. (R. 25).[2]

---

[2] The Court's Local Rules do not provide for the filing of surreplies during motion practice. *See* L.R. 7.1. The parties must request leave from the Court prior to filing such briefs. However,

### III. Standard of Review

When ruling upon a motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all the factual allegations contained in the complaint and construe the complaint in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *accord Streater v. Cox*, 336 F. App'x 470, 474 (6th Cir. 2009). Nonetheless, a court need not accept a conclusion of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955, 167 L.Ed. 2d 929. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955, L.Ed.2d 929.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167 L.Ed. 2d 929. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

---

since the Court considered these filings, Defendants' Motion for Leave to File *Instanter* a Surreply (R. 25) is GRANTED. The surreply is deemed filed as of the date of that Motion.

### IV. Discussion

Although a "court should freely give leave" for a party to amend its pleading "when justice so requires," it need not do so where a proposed amendment is "futile." Fed. R. Civ. P. 15(a)(2); *Cicchini v. Blackwell*, 127 F. App'x 187, 189–90 (6th Cir. 2005) (*citing Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 518 (6th Cir. 2001)). An amendment is "futile" if "the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Cicchini*, 127 F. App'x at 189–90. Accordingly, for the purposes of this Order, the Court considers Plaintiff's fraud claim as it is alleged in the proposed Second Amended Complaint: if the proposed fraud claim cannot survive Defendant's Motion to Dismiss, the Court may deny Plaintiff's request for leave to file its amended complaint and grant Defendants' Motion to Dismiss Count VI.

In its proposed Second Amended Complaint (R. 21-1), Plaintiff makes several new allegations to address Defendants' arguments that it has not (i) alleged fraud with the necessary particularity and (ii) stated a substantive fraud claim because the challenged representations are not alleged to be false or they relate to future conduct. (R. 17, PageID# 155–160). Most importantly, Count VI of the proposed Second Amended Complaint includes a theory of fraudulent omission, in addition to one for affirmative fraudulent misrepresentation. (*Compare* R. 15, PageID# 131–132 ¶¶ 140–151, *with* R. 21-1, PageID# 226–228 ¶¶ 140–157; R. 23, PageID# 255–257). Specifically, the proposed Second Amended Complaint alleges that Defendants "concealed, and did not disclose to [Plaintiff] at any time, that they were developing [the Accelerate and Keystone programs and new facility design standards], which would include significantly different facilities requirements in order for Hyundai and Genesis dealers to be in compliance and qualify for incentives," and that Defendants "also concealed, and did not disclose to [Plaintiff] at any time, that [the facility Plaintiff began constructing in 2018] would

*not* be in compliance with [the requirements of the Accelerate and Keystone programs]." (R. 21-1, PageID# 227 ¶¶ 147–148 (emphasis in original)). The proposed Second Amended Complaint also alleges that certain "statements" made by Defendants' representatives to Plaintiff regarding the requirements of the Accelerate and Keystone programs were fraudulent, since Plaintiff would not have gone forward with the 2018 Construction if it had known that those renovations would be obsolete pursuant to the newer programs' requirements. (*Id.*, PageID# 227–228 ¶ 151).

Under Ohio law, the elements of fraud are: "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance." *Lucarell v. Nationwide Mut. Ins. Co.*, 97 N.E.3d 458, 472 (Ohio 2018) (*quoting Groob v. KeyBank*, 843 N.E.2d 1170, 1178 (Ohio 2006)). Moreover, "fraud claims, generally, cannot be predicated upon promises or representations relating to future actions or conduct." *Appelgate v. Nw. Title Co.*, 2004 WL 585592, at *5 (Ohio Ct. App. Mar. 25, 2004) (*citing Tibbs v. Nat'l Homes Constr. Corp.*, 369 N.E.2d 1218, 1222–23 (Ohio Ct. App. 1977)); *Treft v. Wayne*, 1995 WL 5923, at *2 (6th Cir. Jan. 9, 1995). "[A]n exception, or extended application, of this rule is the instance of the actor who makes a promise of future action, occurrence or conduct, and who, at the time he or she makes it, has no intention of keeping the promise. In such case, the requisite misrepresentation of an existing fact is said to be found in the lie as to his existing mental attitude and present intent." *Applegate*, 2004 WL 585592, at *5 (*citing Tibbs*, 369 N.E.2d at 1222–23).

Plaintiff's proposed Second Amended Complaint—and its Amended Complaint, for that

6

matter—do not make any allegations actionable in fraud. The gravamen of Plaintiff's fraud by omission claim is that Defendants failed to disclose to Plaintiff that they were developing the Accelerate and Keystone programs when Plaintiff underwent the 2018 Construction of its facility. According to Plaintiff, these new incentive programs "include[d] significantly different facilities requirements" than the facility that Plaintiff had finished building in 2019 and would require Plaintiff to immediately renovate its new facility and to build a new standalone Genesis facility. (R. 21-1, PageID# 227 ¶ 147). Plaintiff essentially complains that the requirements of Defendants' future Accelerate and Keystone programs made Defendants' conduct fraudulent during the 2018 Construction of Plaintiff's facility. However, as explained above, Defendants' future conduct does not sound in fraud, barring a promise from Defendants about their future conduct that they never intended to keep. Here, Plaintiff does not make any allegations suggesting that Defendants made such a promise—for instance, that Plaintiff's 2018 Construction would satisfy future incentive programs—much less that Defendants never intended to keep such a promise.

Moreover, to the extent that Plaintiff maintains a fraudulent misrepresentation claim for Defendants' alleged assurances that the 2018 Construction put Plaintiff's facility in compliance with Defendants' then-current requirements, this claim fails because there is no allegation that such assurances were false. (*See* R. 21-1, PageID# 227 ¶ 146). Plaintiff even admits that Defendants' Accelerate and Keystone programs were merely in "develop[ment]" at the time of the 2018 Construction—that is, that these programs did not embody the then-current requirements for the design of dealership facilities. (*Id.* ¶ 147).

For the foregoing reasons, Plaintiff's proposed Second Amended Complaint is futile, so Plaintiff's Motion for Leave to File the Second Amended Complaint is denied. Since Count VI

7

of Plaintiff's Amended Complaint suffers from the same deficiencies, the Court grants Defendants' Motion to Dismiss Plaintiff's fraud claim.

## V. Conclusion

Defendants' Motion to Dismiss Count VI of Plaintiff's Amended Complaint (R. 17) is GRANTED. Plaintiff's Motion for Leave to File an Amended Complaint (R. 21) is DENIED. Defendants' Motion to File *Instanter* a Surreply to Plaintiff's Surreply (R. 25) is GRANTED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 25, 2023